IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOSEPH J. WRIGHT, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. 15-0858-CV-W-ODS <br> Crim. No. 11-CR-00060-ODS-1 |

## ORDER AND OPINION GRANTING PETITIONER'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255

Pending is *pro se* Petitioner Joseph Wright's (Petitioner) Motion to Vacate Judgment and Sentence in Accordance to 28 U.S.C. § 2255. Doc. #1. Petitioner seeks to be resentenced pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the Armed Career Criminal Act's ("ACCA") residual clause is unconstitutional. The Government contends Petitioner's sentence is still proper under other provisions of the ACCA. Doc. #12. For the reasons set forth below, the Court grants Petitioner's motion.

### I.  BACKGROUND

On May 11, 2011, Petitioner pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Ordinarily, that offense carries a maximum punishment of ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, the ACCA requires a minimum sentence of fifteen years if a person violating 18 U.S.C. § 922(g) has at least three prior convictions for a "serious drug offense" or a "violent felony." 18 U.S.C. § 922(e)(1). A "violent felony" is defined as a felony that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to*

*another.*"  18 U.S.C. § 924(e)(2)(B) (emphasis added).  The italicized portion of the definition constitutes the "residual clause" held unconstitutional in *Johnson*.

A presentence investigation report ("PSR") was prepared after Petitioner pled guilty.  The PSR found Petitioner had four convictions qualifying him for an ACCA enhanced sentence.  Specifically, Petitioner had convictions for distribution of crack cocaine,[1] attempted burglary, and two convictions for Missouri second-degree burglary.  Petitioner's first conviction for second-degree burglary occurred in 1978 while a different version of the Missouri second-degree burglary statute was in effect, but his second conviction occurred in 1979 under the current version of the Missouri statute.  Because Petitioner had at least three qualifying ACCA predicate offenses, he was sentenced to 180 months' imprisonment on August 12, 2011.

Petitioner asserts his two second-degree burglary convictions do not qualify as predicate offenses and he is not subject to the ACCA's enhanced sentencing provisions.  The Government concedes Petitioner's conviction for attempted burglary no longer qualifies as a predicate offense.  *See* Doc. #12, at 5; *United States v. Reid*, 769 F.3d 990, 995 (8th Cir. 2014) (stating "[Defendant's] conviction for attempted second degree burglary in Missouri does not constitute a "violent felony" under § 924(e)."). Therefore, because his conviction for distribution of crack cocaine remains an ACCA qualifying offense, Petitioner remains an armed career criminal if both of his prior second-degree burglary convictions qualify as "violent felon[ies]" under the ACCA, but does not if these second-degree burglary convictions no longer qualify under the Supreme Court's decision in *Johnson*.

## II.  DISCUSSION

"A prisoner…claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States…or that the sentence was in excess of the maximum authorized by law…may move the court which imposed the sentence to vacate, set aside or correct the sentence."  18 U.S.C. §

---

[1] Petitioner's conviction for distribution of crack cocaine is a "serious drug offense" unaffected by the *Johnson* decision and remains a qualifying offense under ACCA.  See 18 U.S.C. § 924(e)(2)(A).

2

2255(a). The Court first finds Petitioner's motion to vacate was timely because it was filed within one year of the Supreme Court's decision in *Johnson*. See 28 U.S.C. § 2255(f)(3). The Court also finds, based upon *Welch v. United States*, 136 S. Ct. 1257 (2016), that *Johnson* applies retroactively.

(A)

The ACCA defines the term "violent felony" to include any felony, whether state or federal, that "is burglary, arson, or extortion." 18 U.S.C. § 924(e)(2)(B)(ii). A prior crime qualifies as an ACCA predicate "if, but only if, its elements are the same as, or narrower than, those of the generic offense." *Mathis v. United States*, 136 S. Ct. 2243, 2247 (2015). "That means as to burglary – the offense relevant in this case – that Congress meant a crime 'contain[ing] the following elements: an unlawful or unprivileged entry into…a building or other structure, with intent to commit a crime.'" *Id.* at 2248 (quoting *Taylor v. U.S.*, 495 U.S. 575, 598 (1990)). "[I]f the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary' – even if the defendant's actual conduct (i.e., the facts of the crime) fits within the generic offense's boundaries." *Id.*

"To determine whether a prior conviction is for generic burglary (or other listed crime) courts apply what is known as the categorical approach: They focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." *Id.* at 2248. The Court must distinguish between elements and facts. *Id.* Elements are "things the prosecution must prove to sustain a conviction" and are "what the jury must find beyond a reasonable doubt to convict the defendant." *Id.* (citations and internal quotations omitted). Facts, on the other hand, are "extraneous to the crime's legal requirements" and "have[] no legal effect [or] consequence." *Id.* (citations omitted).

In *Mathis*, the Supreme Court examined Iowa's burglary statute, which lists multiple, alternative means of satisfying one of its elements – to wit, the place where a burglary can occur. *Id.* at 2248, 2250. Generic offense of burglary requires unlawful entry into a "building or other structure." *Id.* Iowa's statute, however, reaches a broader range of places where a burglary can occur: "any building, structure [or] land, water, or

3

air vehicle." *Id.* at 2250 (quoting Iowa Code § 702.12 (2013)). These listed locations are not "alternative elements," but are "alternative ways of satisfying a single locational element." *Id.* (citations omitted). The Supreme Court found the Iowa burglary statute was overbroad for the purposes of an ACCA enhancement because the elements of Iowa's burglary law were broader than those of generic burglary. *Id.* at 2251, 2257.

The Supreme Court noted the threshold inquiry – elements or means – may be resolved easily by the statute on its face or when a state court definitely answers the question. *Id.* at 2256. If state law does not provide a clear answer, a court may look to a limited number of documents, such as the indictment, jury instructions, or plea agreement and colloquy to determine what crime – and the elements of the crime – of which the defendant was convicted. *Id.* at 2249. In *Mathis*, the Court's analysis was straightforward because the Iowa Supreme Court found the listed premises in Iowa's burglary law provided alternative methods of committing the offense. *Id.* at 2256 (citing *State v. Duncan*, 312 N.W.2d 519, 523 (Iowa 1981)). Unfortunately, neither the parties nor the Court has located a Missouri case finding Missouri's burglary statute's listed premises are elements or means. Thus, the Court must examine the burglary statute at issue.

Under Missouri law, "a person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein.'" Mo. Rev. Stat. § 569.170.1 (2007). "Building" is not statutorily defined. "Inhabitable structure" includes a "ship, trailer, sleeping car, airplane, or other vehicle or structure" where a person lives or carries on business; where people assemble for purposes of business, education, religion, government, entertainment, or public transportation; or is used for overnight accommodation. Mo. Rev. Stat. § 569.010(2) (2007). A vehicle or structure is inhabitable regardless of whether a person is present. *Id.* Missouri's burglary statute, much like Iowa's burglary statute, lists a range of locations satisfying an element of the crime. Based upon the face of the statute, these listed locations appear to be alternative ways of satisfying the location element of the crime of burglary in Missouri.

4

Whether the alternative locations are elements or means is further evinced by the Missouri approved charge and model jury instructions, which are approved by the Missouri Supreme Court and are mandatory. The Missouri Approved Charge for second-degree burglary directs the charging officer to choose either "building" or "inhabitable structure" and "briefly describe the location" of the building or inhabitable structure.

> **23.54 BURGLARY IN THE SECOND DEGREE**
> The (Grand Jurors) (Circuit Attorney) (Prosecuting Attorney) of the (City) (County) of _____, State of Missouri, charge(s) that the defendant, in violation of Section 569.170, RSMo, committed the class C felony of burglary in the second degree, punishable upon conviction under Sections 558.011 and 560.011, RSMo, in that (on) (on or about) [*date*], in the (City) (County) of _____, State of Missouri, the defendant knowingly (entered) (remained) unlawfully in (a building) (an inhabitable structure), located at [*Briefly describe location.*] and (owned) (possessed) by [*name of owner or possessor*], for the purpose of committing [*name of crime*] therein.

Mo. Approved Charge 23.54 (1998).

Similarly, the Missouri Approved Instruction for second degree burglary requires the submission of either "building" or "inhabitable structure" in the verdict director:

> **323.54 BURGLARY IN THE SECOND DEGREE**
> (As to Count _____, if) (If) you find and believe from the evidence beyond a reasonable doubt:
>> First, that (on) (on or about) [*date*], in the (City) (County) of _____, State of Missouri, the defendant knowingly (entered) (remained) unlawfully (in) (a building) (an inhabitable structure) located at [*Briefly describe the location.*] and (owned) (possessed) by [*name of owner or possessor*], and
>
> Second, that defendant did so for the purpose of committing the crime of [name of crime] therein,
> then you will find the defendant guilty (under Count _____) of burglary in the second degree.
> However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.
> [*Insert a definition of the crime that defendant intended.*]

5

M.A.I.-CR 323.54 (1998). The "Notes on Use" following this jury instruction states that terms, including inhabitable structure, may be defined by the Court on its own motion or if requested by a party. *Id.*, Notes on Use, 2(b). The jury instruction defining inhabitable structure tracks the statutory language. That is, an inhabitable structure includes a ship, trailer, sleeping car, airplane, or other vehicle or structure where people live, conduct business, assemble, or spend the night. Mo. Rev. Stat. § 569.010(2); M.A.I.-CR 333.00 (2000).

Similar to the Iowa burglary statute in *Mathis*, the Missouri burglary statute "itemize[s] the various places that crime could occur as disjunctive factual scenarios rather than separate elements, so that a jury need not make any specific findings (or a defendant admissions) on that score." 136 S. Ct. at 2249. Similar to the Iowa burglary statute, the Missouri burglary statute defines inhabitable structure to include a ship, trailer, sleeping car, airplane, or other vehicle or structure where people live, conduct business, assemble, or spend the night." Mo. Rev. Stat. § 569.010(2). Similar to the Iowa burglary statute, Missouri statute provides alternative means for committing second-degree burglary that are broader than simply "a building or structure" required for generic burglary. Also, as set forth above, the prosecution need not allege or prove the type of structure involved in an individual's offense. Missouri's burglary statute could be violated by entry into an airplane, vehicle, sleeping car, and other non-buildings. For these reasons, the Court finds the means included in the Missouri statute are substantially similar to the means in the Iowa statute, which the Supreme Court found to be overbroad and did not qualify as an enumerated offense under the ACCA.

Because the means of committing second-degree burglary under Missouri's statute are broader than the means establishing generic burglary, Petitioner's 1979 conviction under the Missouri second-degree burglary statute does not qualify as generic burglary and cannot be used to enhance his sentence under the ACCA.[2]

---

[2] Petitioner's first conviction for second-degree burglary occurred in 1978. Doc. #13, at 4. The Missouri second-degree burglary statute, in effect at that time, read: "Every person who is convicted of breaking into a dwelling house, with intent to commit a felony or to steal, *but under such circumstances as do not constitute the offense of burglary in the first degree*, shall be deemed guilty of burglary in the second degree." Mo. Rev. Stat. § 560.045 (1959) (emphasis added). Because the Court finds Petitioner's 1979

Therefore, the Court finds Petitioner does not have at least three qualifying ACCA offenses and is entitled to relief under 28 U.S.C. § 2255.

### III.  CONCLUSION

Petitioner's Motion is granted.  Consistent with this Order, the Court will schedule a hearing for resentencing.

IT IS SO ORDERED.

                                         /s/ Ortrie D. Smith
                                         ORTRIE D. SMITH, SENIOR JUDGE
DATE: August 30, 2016              UNITED STATES DISTRICT COURT

---

conviction does not qualify as generic burglary, it is not necessary for the Court to examine his earlier second-degree burglary conviction.